NO. 07-06-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 21, 2006

_____

OUANE THONGSAVATH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 27,884-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER ON ABATEMENT AND REMAND**

_____Appellant, Ouane Thongsavath appeals from a judgment convicting him of aggravated sexual assault. On June 9, 2006, pro se appellant filed a Motion to Proceed in Forma Pauperis; and, Request for Free Transcription and Inclusion of Clerk's and Reporter's Record on Appeal. Nothing of record appears showing the appellant is indigent and entitled to a free record.

Accordingly, we now abate this appeal and remand the cause to the 251st District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. Whether appellant desires to prosecute this appeal;

2. Whether appellant is indigent;

3. Whether appellant is entitled to a free appellate record due to his indigency;

4. Whether appellant is entitled to appointed counsel; and,

5. What orders, if any should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before July 21, 2006. Should further time be needed by the trial court to perform these tasks, then same must be requested before July 21, 2006.

It is so ordered.

Per Curiam.

Do not publish.

2